IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW PENSION TRUST FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   18-2144 |
| | ) | |
| MELTON ELECTRIC CO. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, NECA-IBEW PENSION TRUST FUND, by their attorneys, CAVANAGH & O'HARA LLP, files this Complaint against the Defendant, MELTON ELECTRIC CO., and alleges as follows:

### Introduction

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), codified at 29 U.S.C. §§1381-1453, to collect withdrawal liability, interest, liquidated damages, and attorneys' fees and costs from the Defendant resulting from Defendant's withdrawal from the Plaintiff's pension plan.

2. Plaintiff is entitled to immediate payment of the outstanding balance of Defendant's withdrawal liability pursuant to 29 U.S.C. §1399 because Defendant defaulted on its obligation to make regular withdrawal liability payments to the Plaintiff.

3. Plaintiff is entitled to damages pursuant to relevant provisions of ERISA, as amended by the MPPAA, which include immediate payment of the outstanding balance of Defendant's withdrawal liability plus accrued interest, liquidated damages, attorneys' fees and

costs and any other legal or equitable relief that the court deems appropriate because Defendant defaulted on its obligation to make regular withdrawal liability payments to the Plaintiff.

## Jurisdiction and Venue

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.  (*See* 29 U.S.C. §1132, §1145, §1139, §1451).

5. Venue for civil actions like the present action is proper in a federal District Court where the plan is administered. (*See* 29 U.S.C. §1132(e)(2) and §1451(d).

6. Plaintiff's plan is administered in Macon County, Illinois at the address of 2120 Hubbard Avenue, Decatur, Illinois 62526, which is located within the venue of the District Court for the Central District of Illinois, Urbana Division.

## Parties

7. Plaintiff, NECA-IBEW Pension Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust (the "trust agreement").

8. Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan.  (*See* 29 U.S.C. §1002).

9. Plaintiff provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

10. The Defendant is believed to be an active Nevada corporation registered as a foreign corporation authorized to do business in Illinois.

11. At all relevant times, Defendant was an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

12.     The business address for Defendant is believed to be 5900 S. Washington, Bartonville, IL 61607.

### Claim for Relief

13.     During all relevant times, Defendant was bound by a collective bargaining agreement under which Defendant was required to pay fringe benefit contributions to the Plaintiff's pension plan on behalf of its covered employees.

14.     The Plaintiff determined that Defendant permanently ceased to have an obligation to contribute to the Plaintiff's pension plan thereby effecting a "complete withdrawal" from the pension plan within the meaning of §4203 of ERISA, 29 U.S.C. §1383.

15.     As a result of this complete withdrawal, Defendant incurred withdrawal liability to the Plaintiff in the principal amount of $57,974.00, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b) (*See* Exhibit "A").

16.     On or about October 9, 2017, Plaintiff sent Defendant a notice and demand for payment of withdrawal liability (the "notice and demand") in accordance with §4202(2) and §4219(b)(1) of ERISA, 29 U.S.C. §1382(2) and §1399(c)(5)(B) (*See* Exhibit "B").

17.     Defendant received the notice and demand on or about October 12, 2017.

18.     In the notice and demand, Plaintiff demanded Defendant either pay its withdrawal liability in full by December 15, 2017, or pay its withdrawal liability pursuant to a payment plan requiring 4 quarterly payments of $13,208.75 and one additional final quarterly payment of $5,537, with Defendant's first quarterly payment due by December 15, 2017.

19.     Defendant did not pay its withdrawal liability in full by December 15, 2017, or alternatively, make the required first quarterly installment withdrawal liability payment to the Plaintiff by December 15, 2017.

20. Defendant did not timely request a review of the withdrawal liability assessment pursuant to §4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

21. Defendant did not timely initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1).

22. Plaintiff notified Defendant by letter on January 19, 2018, that it was in default because it had failed pay its withdrawal liability in full by December 15, 2017, or alternatively, pay its first quarterly withdrawal liability payment by December 15, 2017, and that it had sixty (60) days in which to cure its default (*See* Exhibit "C").

23. Defendant did not cure its default or remit any payment to Plaintiff within 60 days of Plaintiff's letter.

24. Plaintiff again notified Defendant by letter on February 22, 2018, that it was in default because it had failed pay its withdrawal liability in full by December 15, 2017, or alternatively, pay its first quarterly withdrawal liability payment by December 15, 2017, and that it had sixty (60) days in which to cure its default (*See* Exhibit "D").

25. Defendant was personally served with a copy of Plaintiff's letter dated February 22, 2017, on March 9, 2018 (*See* Exhibit "E").

26. Defendant did not cure its default or remit any payment to Plaintiff within 60 days of being served with Plaintiff's letter.

27. Defendant is therefore in default under §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and Plaintiff is entitled to the full amount of outstanding withdrawal liability owed by Defendant.

28. Defendant is entitled to an award of interest on the total outstanding withdrawal liability from the due date of the first payment which was not timely made under §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

29. Pursuant to §4301 of ERISA, 29 U.S.C. §1451, this action may also be treated as an action to collect delinquent contributions.

30. Pursuant to §502(g) of ERISA, 29 U.S.C. §1132(g), Defendant is entitled upon entry of a judgment for delinquent contributions to an award of interest, liquidated damages and attorneys' fees and costs.

31. The trust agreement provides for the collection of liquidated damages and interest on delinquent contributions, and for payment of Plaintiff's collection costs, including attorneys' fees and court costs, incurred in the collection of delinquent contributions from the Defendant.

WHEREFORE, Plaintiff prays for judgment in its favor and against the Defendant as follows:

A. That judgment is entered in favor of Plaintiff and against Defendant in the amount of $57,974.00 for withdrawal liability pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), plus liquidated damages, interest, and attorneys' fees and costs;

B. That Defendant is decreed to pay to the Plaintiff all such monies determined to be due and owing to Plaintiff at the time judgment is entered, including without limitation withdrawal liability, interest, liquidated damages, and attorneys' fees and costs;

C. That Defendant is decreed to pay to the Plaintiff liquidated damages owed by Defendant;

D.	That Defendant is decreed to pay to the Plaintiff prejudgment interest owed for amounts accrued on the withdrawal liability owed by Defendant;

E.	That Defendant is decreed to pay to the Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

F.	That Defendant is decreed to pay all costs attendant to these proceedings; and

G.	That Plaintiff is awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the trust agreement or as is otherwise just and equitable.

NECA-IBEW PENSION TRUST FUND,
Plaintiff,

By:	s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com